NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JILL MCKELVY, | No. 15-35879 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05681-RBL |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 24, 2020**

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Jill McKelvy appeals from the district court's order granting the

Commissioner of Social Security's Federal Rule of Civil Procedure 59(e) motion

to amend the district court's original judgment following the Commissioner's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of her application for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review for abuse of discretion, *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011), and we affirm.

The district court initially remanded the action in part for the administrative law judge (ALJ) to develop the record, but subsequently granted the Commissioner's Rule 59(e) motion and affirmed the Commissioner's denial of benefits. The district court did not abuse its discretion because the original order was based on an erroneous reading of the ALJ's decision. *See Herron*, 634 F.3d at 1111 (amending a judgment appropriate where the original judgment rested on manifest factual or legal error). Contrary to the district court's original order, the ALJ did not ignore the diagnoses of two examining dermatologists. The district court did not abuse its discretion in concluding that the original judgment improperly shifted McKelvy's burden of proof to the ALJ, where the record contained no evidence of functional limitations related to McKelvy's delusional disorder. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (claimant has the burden to prove disability and, where there is a complete lack of evidence, the ALJ has no duty to develop the record).

**AFFIRMED.**